# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**HENRY MCQUEEN**                                                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 1:09-cv-390-HSO-JMR**

**MIKE BYRD**                                                                         **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner filed his Petition for habeas corpus relief and application to proceed *in forma pauperis* on June 26, 2009. On June 29, 2009, the Court entered an Order [2] in this action directing Petitioner to file a completed *in forma pauperis* application or pay the required $5.00 filing fee. The Order directed Petitioner to comply with the Order [2] within 20 days. The Order [2] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order may lead to the dismissal of his Petition. The Order [2] was mailed to the Petitioner at his last known address. The envelope [3] containing the Order [2] was returned to this Court on July 10, 2009, by the postal service with a notation "return to sender - not here."

On August 4, 2009, the Court entered an Order [5] directing Petitioner to show cause, within fifteen days, why this case should not be dismissed for his failure to timely comply with the Court's Order [2] of June 29, 2009. The Show Cause Order [5] warned Petitioner that failure to keep this Court informed of his current address or failure timely comply with the requirements of the Order would

lead to the dismissal of his Petition, without further notice. The Show Cause Order [5] was mailed to the Petitioner at his last known address. The envelope [6] containing the Show Cause Order [5] entered on August 4, 2009, was returned to this Court on August 12, 2009, by the postal service with a notation "return to sender - not here." Petitioner has not complied with the Orders of this Court, nor has he advised the Court of his current address.

Petitioner failed to comply with two Court Orders and he has not contacted this Court since June 26, 2009, when he filed the instant civil action. This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has not been

called upon to respond to Petitioner's pleading, and has not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006). A Final Judgment in accordance with this Memorandum Opinion will be entered.

**SO ORDERED AND ADJUDGED**, this the 9th day of September, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE